ROGEIRS, J.
 

 Plaintiff sues the maker and the indorser of a promissory note for the amount due on the note. The defense is fail
 
 *195
 
 ure of consideration. Judgment was given for plaintiff and defendants appeal.
 

 The Nate Parris Company is a concern which was formerly engaged in oil operations in Ouachita county, Ark. In the year 1924 it became involved financially, numerous creditors holding privileged claims in a large amount against its properties and numerous ordinary creditors holding claims against it of approximately $65,000. In this situation several persons interested themselves in an attempt to extricate the concern from its difficulties. Among these were one L. A. Dye and the two defendants, J. L. Bullock, maker of the note sued on, and S. D. Hunter, its in-dorser.
 

 The plaintiff company was one of the creditors of the Nate Parris Company, holding against • its debtor privileged claims to the amount of $3,924.25 and ordinary claims to the amount of $2,357.60. Dye and his associates, the defendants here; were desirous of taking over the properties of the Nate Parris Company, but without paying its debts, except so far as they might be able to realize the funds to do so from the operation of the properties themselves. They submitted such a proposition to the creditors, and, apparently, all of them accepted it with the exception of the plaintiff company and one other creditor. The objection of the latter was removed by the' simple process of paying its claim. The objection of the plaintiff company was removed by the execution and delivery to it of the note of Bullock and Dye for $6,281.86, the full amount of its debt, privileged and ordinary. In consideration of the agreement of Bullock and Dye to pay its claim in full as evidenced by their note, the plaintiff company agreed to postpone action to enforce its privileged claims pending the operation of the Nate Parris Company’s properties by Dy.e, Bullock, and Hunter, to whom they were assigned. Both the agreement and the assignment are in writing signed by all the interested parties. Subsequently, Dye sold his one-third interest to Hunter and retired from the enterprise. When the note of Dye and Bullock matured, the makers were unable to meet it, and, the plaintiff company insisting on some arrangement being made in regard thereto, the note was replaced by a new note signed by Bullock and indorsed by Hunter. This is the instrument sued on in this case. At the- time it was executed Hunter and Bullock were the owners of the properties originally acquired from the Nate Parris Company in the proportion of two-thirds and one-third, respectively.
 

 The defendants contend that the consideration of the note has failed because it was executed by them with the distinct understanding and agreement that the plaintiff would transfer to S. D. Hunter its equivalent in value in privileged or lien claims held by the payee against the property of the Nate Parris Company.
 

 We find ourselves unable to uphold this contention. The written agreement between the parties does not so provide. It merely obligates the plaintiff, in consideration of the note of Bullock and Dye, to withhold judicial action on its lien claims pending the operation of the properties by Bullock, Hunter, and Dye. It is true the representatives of the plaintiff company admit that, at the time the note herein sued on was executed to replace the original note of Bullock and Dye they stated to Hunter that their company would transfer to him the lien rights held by it, but they deny that their statement was the consideration for which the note in question was given. Their contention is that the real consideration for the execution of the Hunter and Bullock note, was the cancellation and surrender on their part of the previous note
 
 *197
 
 signed by Bullock and Dye in accordance witb the agreement entered into between the-plaintiff company and Hunter, Bullock, and Dye.
 

 ' Our conclusion is that tbe actual consideration of the note herein sued on arose out of the original agreement between the parties, whereby the plaintiff company withheld proceedings for the enforcement of its lien rights and joined with the other creditors of Nate Parris Company in permitting the properties of that company to be acquired and operated by Hunter, Bullock, and Dye. That agreement was the consideration for the original note signed by Bullock and Dye. Subsequently, Hunter found it to his advantage to acquire the interest of Dye in the properties. When the note of Bullock and Dye became due, and the joint enterprisers were unable to meet it, Hunter, owning a two-thirds interest in the properties, deemed it advisable to join with Bullock, his co-owner for the remaining one-third interest, in executing the note herein sued on to replace the past-due instrument.
 

 The matter of lien rights was merely an incidental "and unimportant phase of the transaction between the parties. If this were not so, it is certain that the parties would have stipulated in the original agreement for their assignment. No demand whatever was made in that regard during the life of the Bullock and Dye note, nor did Hunter, himself, become insistent about the transfer of the lien rights until several months after he had signed the note herein sued on, at which time they had become prescribed. Moreover, the total amount of the lien claims held by the plaintiff was $3,924.25, which Hunter knew because a list of such claims was attached to the original agreement signed by him. Nevertheless, he gave plaintiff his noté for $6,281.85, covering the total indebtedness due it, which was $2,357.60 more than the amount of its privileged claims. Again, if the plaintiff had transferred its privileged or lien claims to Hunter, it would have availed him nothing to the extent of two-thirds of their amount, because holding title to a two-thirds interest in the properties upon which they bore the privileges or liens would be extinguished pro tanto by confusion.
 

 It is plain that Hunter, Bullock, and Dye engaged in a joint enterprise which they conceived would redound to their financial advantage. Dye later withdrew and the enterprise was continued by Hunter and Bullock, the former taking over Dye’s interest. The three associates, in order to acquire the properties necessary for their purpose, found' it advisable to assume an indebtedness due plaintiff by the owner of the properties. They did so, first by executing and delivering to plaintiff the note of Bullock and Dye, and, secondly, by replacing that instrument by the note of Bullock and Hunter. It is true that the enterpriser's in question expected to realize sufficient funds from their operation of the properties to discharge, among others, the indebtedness due by them to plaintiff. If they could have done this, it would manifestly have been to their profit and advantage. But that is matter of no concern whatever to plaintiff, holding the absolute and unconditional written obligation of the defendants to pay a stipulated sum at a fixed date,- which has long since expired.
 

 For the reasons assigned, the judgment appealed from is affirmed, at appellants’ cost.